NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| Dimitrios "Mitch" Fatouros,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Emmanuel Lambrakis, Artemios Sorras & John Doe Number 1 through 10,<br><br>　　　　　　　　　Defendants. | Civil Action No.: 13-4639 (CCC)<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

**I.　　INTRODUCTION**

　　This matter comes before the Court on the separate motions of *pro se* Defendants Emmanuel Lambrakis ("Lambrakis") and Artemios Sorra ("Sorras") (together "Defendants") to dismiss *pro se* Plaintiff Dimitrios "Mitch" Fatouros's ("Plaintiff") complaint pursuant to 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), and 12(b)(6).  [ECF Nos. 15 and 24].  Also pending before the Court is Plaintiff's motion to strike certain filings of Defendant Lambrakis.  [ECF No. 27.] The Court decides the motions without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.[1]  For the reasons set forth below, the Court will grant the Defendants' motions to dismiss and will deny Plaintiff's motion to strike as moot.  Plaintiff will be given thirty days to file

---

[1] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

an Amended Complaint which cures, to the extent possible, the deficiencies set forth herein.

## II.     BACKGROUND

This case arises out of a public argument between Plaintiff and Defendants. Plaintiff claims to have published two books relevant to this lawsuit, the first of which "included a chapter about defendant Lambrakis" and the second "was about [Plaintiff's] experiences while investigating and exposing the fraud of the 3 trillion U.S. bonds and 600 billion 'plan' that defendants Lambrakis and Sorras had 'proposed' [to bail Greece out of debt]." (Compl. ¶ 12.) Plaintiff alleges that, since the publication of these books, Defendants "have continuously portrayed [him] in a false light, libeled, slandered and defamed [him]," resulting in declining book sales. (Compl. ¶¶ 23-24.)

As support for these allegations, Plaintiff claims that during a television show in Greece that took place on October 1, 2012, Lambrakis and Sorras's associates called into the show, stating "Because I am gravely impressed by Mr. Fatouros's furious attack, I am asking him to tell us who's financing him! Which politicians are financing him!" (Compl. ¶ 22.) The following day, Lambrakis allegedly appeared on a newscast in Greece, in which he "began saying 'I wish to say that Mr. Fatouros is financed and controlled…' while the news anchor interrupted him." (Compl. ¶ 22.) Plaintiff also cites to an email forwarded by Lambrakis to an individual in Maryland that was released on the internet, in which Lambrakis stated that he was "attacked" by Plaintiff. (Compl. ¶ 22.) Further, Plaintiff claims that on October 6, 2012, Lambrakis and an associate appeared on a radio show in New York, in which they interviewed Sorras from Athens. During the interview, Sorras allegedly "proceeded to talk about how a few traitors stopped hi[m] from lending money" to various states and countries, "threatened people with more lawsuits," and said "Or Fatouros. If I meet him… does he know me?" (Compl. ¶ 22.) In addition to the above instances, Plaintiff also cites to several occasions on which associates or acquaintances of

Lambrakis and Sorras allegedly verbally attacked, threatened, or made false allegations against him.  (Compl. ¶ 22.)

Plaintiff filed suit in this Court on July 30, 2013, alleging false light, slander, and defamation, and seeking, amongst other forms of relief, $300,000,000,000 in damages.  Defendants have filed separate motions to dismiss, challenging Plaintiff's complaint based on a lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim, and res judicata.  Although Plaintiff has not submitted a brief in opposition to Defendants' motions, he filed a motion to strike certain additional filings of Lambrakis on January 14, 2014.  To the extent that Plaintiff's brief in support of his motion to strike contains arguments related to the motions to dismiss, the Court has considered those arguments herein.

## III. DISCUSSION

### A. Personal Jurisdiction

In their motions to dismiss, Defendants challenge the Court's exercise of personal jurisdiction, albeit without supporting argument.  "When a defendant raises the defense of the court's lack of personal jurisdiction, the burden falls upon the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper."  Mellon Bank (East) PSFS, Natl. Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) (citing Carteret Savings Bank v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992).  In order to meet this burden and establish a prima facie case for the exercise of personal jurisdiction, a plaintiff must "[establish] with reasonable particularity sufficient contacts between the defendant and the forum state."  Provident Nat. Bank v. California Fed. Av. & Loan Assoc., 819 F.2d 434 (3d Cir. 1987) (citing Gehling v. St. George's School of Medicine, Ltd., 773 F.2d 539 (3d Ci. 1985).

3

"A district court sitting in diversity may assert personal jurisdiction over a nonresident defendant to the extent allowed under the law of the forum state." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009). New Jersey's long-arm statue extends jurisdiction over non-residents "to the uttermost limits permitted by the U.S. Constitution." Genesis Bio Pharm., Inc. v. Chiron Corp., 27 Fed. App'x 94, 98 (3d Cir. 2002) (quoting Charles Gendler & Co. v. Telecom Equip. Corp., 508 A.2d 1127, 1131 (N.J. 1986)). Thus, the exercise of personal jurisdiction in New Jersey must satisfy constitutional due process. Metcalfe, 566. F.3d at 334. This analysis "focuses on the nonresident defendant's 'minimum contacts' with the forum." Id. (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). "Minimum contacts can be analyzed in the context of general jurisdiction or specific jurisdiction." Id. "A defendant is subject to general jurisdiction when it has continuous and systematic contacts with the forum state." Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001). A defendant is subject to specific jurisdiction if (1) the defendant purposefully directed its activities at the forum; (2) the litigation arises out of those activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice. O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 317 (3d Cir. 2007). Furthermore, in the intentional torts context, the Third Circuit has established that in order for a court to exercise jurisdiction, the plaintiff must show that:

> (1) The defendant committed an intentional tort;
> (2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort;
> (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 265-66 (3d Cir. 1998).

Here, Plaintiff has put forth no facts to establish that this Court may exercise personal

4

jurisdiction over Defendants. In his Complaint, Plaintiff alleges that Defendant Lambrakis is a citizen of the State of New York, and that Defendant Sorras is a citizen of Canada and/or Greece. Apart from a cease and desist letter sent to Fatouros in New Jersey on July 19, 2013 by a lawyer claiming to represent Defendants Lambrakis and Sorras; the participation by Defendants in several radio/television shows that took place in Greece and that were allegedly "broadcast throughout the world over the internet" in which Defendants portrayed Plaintiff in a false light (Compl. ¶ 22); and an allegedly defamatory email sent by Lambrakis to an individual in Maryland and released over the internet, all events discussed by Plaintiff appear to have taken place entirely outside of New Jersey, mainly in New York and Greece. Plaintiff's motion to strike provides no additional facts establishing any connection between Defendants and New Jersey. Plaintiff has therefore failed to meet his burden of establishing a prima facie case for the exercise of personal jurisdiction over Defendants. Because Plaintiff has failed to establish that this Court may exercise personal jurisdiction over Defendants, the Court need not address Defendants' alternative grounds for dismissal. Plaintiff shall have thirty (30) days as of the date of this Opinion to file an Amended Complaint that cures the pleading deficiencies noted above. Accordingly,

**IT IS** on this 24th day of June 2014,

**ORDERED** that Defendants' motions to dismiss Plaintiff's complaint [ECF Nos. 15 & 24] are granted; and it is further

**ORDERED** that Plaintiff's complaint is dismissed without prejudice; and it is further

**ORDERED** that Plaintiff's motion to strike [ECF No. 27] is denied as moot; and it is further

**ORDERED** that the Clerk of the Court shall close this matter; and it is further

**ORDERED** that Plaintiff is granted thirty (30) days in which to file an Amended Complaint in order to reinstate the case.

**SO ORDERED.**

____s/Claire C. Cecchi_____<br>
CLAIRE C. CECCHI, U.S.D.J.